**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE

DONALD R. NAGEL, JR.                                          CASE NO. 19-20055
                                                              CHAPTER 13
DEBTOR

**MEMORANDUM OPINION AND ORDER DISALLOWING PROOF OF CLAIM**

Debtor objects to Proof of Claim #5 (the "Claim") filed by Kentucky Tax Bill Servicing, Inc. ("KTBS"), contending that any claim KTBS held was satisfied by a 2012 *in rem* judgment and subsequent conveyance of real property to KTBS. The Court agrees. The doctrine of claim preclusion prevents KTBS from further relief against Debtor. The Claim will be DISALLOWED.

**FACTS**

Debtor previously owned real property located at 291 Rogers Road, Demossville, Kentucky (the "Rogers Property"). Debtor failed to pay property taxes assessed on the Rogers Property for tax years 2003, 2004, 2006 and 2007 resulting in Pendleton County's lien on the Rogers Property. The Pendleton County Clerk issued certificates of delinquency for the unpaid taxes (the "Certificates"), and KTBS purchased them.

The 2010 Case

In 2010, KTBS filed an action in Kentucky state court against Debtor and his spouse seeking to collect the Certificates (the "2010 Case"). KTBS's complaint requested a personal judgment against Debtor, foreclosure of the Certificates, and a public sale of the Rogers Property. Debtor failed to respond, and the state court entered an "In Rem Judgment and Order of Sale" on April 10, 2012 (the "2012 Judgment"). [POC 5-1 at 5-10.]

The 2012 Judgment, which KTBS prepared, stated that KTBS shall recover "against the [Rogers Property] the sum of Eight Thousand Forty Dollars and Ninety-Eight Cents ($8,040.98) together with interest at the statutory rate of 12% from March 1, 2012 until paid plus any continuing costs or attorney's fees and shall have a lien against the [Rogers Property] to secure said Judgment." [*Id*. at 7-8 ¶ 1.]  The 2012 Judgment ordered the Master Commissioner to sell the Rogers Property and to pay the proceeds, in part, to cover "the full satisfaction of the liens for delinquent ad valorem taxes assessed against [the Rogers Property] including those of any third party purchaser of a tax lien against [the Rogers Property.]" [*Id*. at 8 ¶ 3.b.]  The 2012 Judgment also stated: "It is adjudged that this is a final and appealable judgment and order of sale, and there is no reason for delay in its entry." [*Id*. at 10 ¶ 10.]  Notwithstanding the complaint's request for a personal judgment against Debtor, the 2012 Judgment is silent as to Debtor's *in personam* liability.  Nothing in the record suggests any party appealed from the 2012 Judgment.

The Master Commissioner offered the Rogers Property for sale on July 19, 2012, but received no bids. The Master Commissioner thus conveyed the Rogers Property to KTBS in accordance with Kentucky law.[1]

The 2015 Case

In 2015, KTBS filed a second state court complaint for a personal judgment against Debtor and foreclosure of Debtor's current home at 9710 Kentucky Highway 467, Williamstown, Kentucky (the "Williamstown Property").  In 2016, Debtor was found to be in default, and the state court entered an *in personam* judgment against Debtor and ordered the sale of the Williamstown Property.  Debtor "filed a motion to set aside the judgment and order of

---

[1] "If there is no purchaser at a foreclosure sale, the master commissioner shall make a deed to the person or persons shown by record to be the owner of the certificate or certificates of delinquency, and that person or persons shall have a pro rata interest in accordance with the amount of their respective certificates." KY. REV. STAT. § 134.546(5).

2

sale based upon his contention that the April 10, 2012 order was an *in rem* judgment against [the Rogers Property], not a judgment against him personally." *Ky. Tax Bill Servicing, Inc. v. Nagel*, No. 2017-CA-000432-MR, 2018 Ky. App. Unpub. LEXIS 773, at *3-4 (Ky. Ct. App. Nov. 2, 2018). The trial court granted the motion. *Id.*

In granting Debtor's motion, the trial court observed:

> The entirety of this case is premised on a judgment lien filed by [KTBS] on or about August 3, 2015. That judgment lien was filed pursuant to a judgment obtained in [the 2010 Case]. [KTBS] has represented to the [c]ourt that the judgment obtained in [the 2010 Case] was a personal judgment against [Debtor]…when in fact, the judgment was in rem only.

[ECF No. 43-2 at 53-56.]² The trial court reasoned that

> [t]he [c]ourt does not believe that the legislature intended to alter long standing distinctions between in rem and in personam judgments by enacting K.R.S. 134.546(4). If [KTBS's] arguments were accepted by the [c]ourt, there would be no difference between an in rem and in personam judgment, as the in rem judgment would leave [KTBS] in the exact same position as one in personam.

[*Id*. at 55.] Although KTBS appealed this ruling to the Kentucky Court of Appeals, the appeal was dismissed because the order was not final and appealable. *KTBS v. Nagel*, 2018 Ky. App. Unpub. LEXIS 773, at *6.

Debtor's 2019 Bankruptcy Case and KTBS's Proof of Claim

Debtor filed his Chapter 13 case on January 19, 2019. KTBS filed the Claim, initially asserting a $25,890.92 claim secured by a judgment lien. As evidence of the claim, KTBS cited the Certificates and attached the 2012 Judgment. [POC 5-1.] Debtor objected to the Claim and filed a Memorandum in Support [ECF Nos. 30, 56]. Debtor contends that the 2012 Judgment in

---

² The parties did not tender the trial court's opinion. However, it is attached to Forcht Bank's Response to Debtor's Objection to Claim [ECF No. 43-1 at 33-36]. The Court may take judicial notice of records in its own docket. *See* FED. R. EVID. 201, *made applicable by* FED. R. BANKR. P. 9017. *See also HIJ Indus. v. Roy (In re Roy)*, 565 B.R. 829, 827 n.4 (Bankr. E.D. Ky. 2017) ("Federal Rule of Evidence 201 permits the Court to take judicial notice of its own court records. *See*, *e.g.*, *In re Ludwick*, 185 B.R. 238, 240 n.3 (W.D. Mich. 1995).").

3

KTBS's favor only granted *in rem* relief against the Rogers Property, which subsequently was conveyed to KTBS, and that the 2012 Judgment cannot support any further claim against Debtor or property of the estate.  Further, Debtor argues that he has no outstanding personal liability to KTBS.

KTBS filed a Response and a Reply [ECF Nos. 47, 57].  KTBS also amended its Claim to assert that Debtor is liable under K.R.S. § 134.015 for an "unsecured obligation arising from deficiency of tax" rather than a judgment lien. [POC 5-2.]  That statute provides: "[a]ll [property] taxes due under this section and all fees, penalties and interest thereon are a personal debt of the taxpayer on the assessment date, from the time the tax becomes due until paid."  KY. STAT. REV. § 134.015.  Based on the statute, KTBS argues that from the "moment KTBS purchased these delinquent property tax bills, the debtor was personally liable to KTBS for the 2003, 2004, 2006, and 2007 delinquent tax bills plus any and all fees, penalties and accrued interest." [ECF No. 57 at 3.]  Thus, the question before the Court is whether KTBS has a "claim" against Debtor after the 2012 Judgment?

## DISCUSSION

The Court has jurisdiction over this matter.  28 U.S.C. § 1334(b).  Venue is proper in this District.  28 U.S.C. §§ 1408 and 1409.  This is a core proceeding, and the Court is authorized to enter a final order adjudicating this matter.  28 U.S.C. § 157(b)(2)(B).

### A. The Requirements for a "Claim" Under the Bankruptcy Code.

As applicable here, the Bankruptcy Code defines a "claim" as a

> right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]

4

11 U.S.C. § 101(5)(A).  Congress intended this "expansive" language to adopt the "broadest possible" definition of "claim." *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558 (1990); *see also Ohio v. Kovacs*, 469 U.S. 274, 279 (1985) ("[I]t is apparent that Congress desired a broad definition of a 'claim' …."). Further, the definition of a "claim" also includes an obligation enforceable only against a debtor's property. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).  Thus, KTBS must have either a right to payment against Debtor or his property to have an allowed claim in Debtor's bankruptcy case.

### B. The 2012 Judgment Extinguished All Claims Relating to the Certificates.

Both parties agree that K.R.S. § 134.015 makes unpaid property taxes a personal debt of delinquent taxpayers.  However, the parties disagree over the effect of the 2010 Case and 2012 Judgment.  Debtor argues that under the doctrine of claim preclusion, KTBS had to bring all claims against Debtor regarding the Certificates in a single case because all such claims arise from the same transaction or occurrence.  KTBS argues that Debtor remains personally liable based on the statute's plain language.

Kentucky law permits a third-party purchaser of a certificate of delinquency to pursue an action for *in personam* relief, *in rem* relief, or both to collect on a certificate of delinquency.  KY. REV. STAT. § 134.546(2).[3]  This statute provides the enforcement mechanism to collect the

---

3   K.R.S. § 134.546 ("Cause of Action on Certificates of Delinquency") states:

A third-party purchaser may:

(a) Institute an action against the delinquent taxpayer to collect the amount of the certificate of delinquency and any other certificates of delinquency subsequently issued to the same third-party purchaser against the same delinquent, and shall have all the remedies available for the enforcement of a debt;

(b) Institute an action to enforce the lien provided in KRS [§] 134.420, represented by the certificate of delinquency and those certificates subsequently held by the same third-party purchaser against the same delinquent or property; or

(c) Institute one (1) action including both types of actions mentioned in paragraphs (a) and (b) of this subsection. . ."

personal debts of delinquent taxpayers. In the 2010 Case, KTBS elected to pursue both an action *in personam* against Debtor and *in rem* against the Rogers Property, but, as noted above, the 2012 Judgment failed to assess any *in personam* liability against Debtor.

A judgment that does not assess *in personam* liability does not entitle a creditor to collect a personal judgment from a debtor. *See*, *e.g.*, *In re Joseph*, 584 B.R. 696, 704 (Bankr. E.D. Ky. 2018) (stating that an "*in rem* judgment does not establish the personal liability of the property owner and is not effective beyond the particular property it affects."); *see also Elliott v. Dyck O'Neal, Inc.*, 46 N.E.3d 448, 459 (Ind. Ct. App. 2015) (holding that the foreclosure order did not entitle the mortgagee to collect a personal judgment from the mortgagors, as the order contained no *in personam* judgment). Thus, KTBS has no *in personam* claim against Debtor arising from the 2012 Judgment. But, the Court also must consider whether claim preclusion prevents KTBS from asserting any further "claims" under the Certificates.

Federal courts must "give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986). Because a Kentucky court entered the 2012 Judgment, Kentucky preclusion law applies here. Kentucky courts apply claim preclusion to bar "not only ... the issues disposed of in the first action, but to every point which properly belonged to the subject of the litigation in the first action and which in the exercise of reasonable diligence might have been brought forward at the time." *Bowling v. Haas*, Civil Action No. 3: 07-032-KKC, 2010 U.S. Dist. LEXIS 100902, at *17 (E.D. Ky. Sep. 23, 2010) (quoting *May v. Webb*, No. 2003-CA-001671-MR, 2004 Ky. App. Unpub. LEXIS 188 (Ky. Ct. App. July 30, 2004), and citing *Whittaker v. Cecil*, 69 S.W.3d 69, 72

---

KY. REV. STAT. § 134.546(2).

(Ky. 2002) for the proposition that a "final judgment precludes subsequent litigation of claims that were or could have been presented in the prior action").

The test for claim preclusion in Kentucky requires that: (1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action, and (3) the prior action must have been decided on the merits. *Miller v. Admin. Office of Courts,* 361 S.W.3d 867, 872 (Ky. 2011). Here, all the necessary elements exist to apply claim preclusion to disallow the Claim.

First, the parties in each action – KTBS and Debtor – are identical. Second, there is an "identity of the two causes of action" because the Claim and KTBS's claims in the 2010 Case arise from the same underlying events, namely Debtor's liability on the Certificates. "If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action." *KeyBank Nat'l Ass'n v. Allen*, 499 S.W.3d 693, 698-99 (Ky. Ct. App. 2016) (citing *Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998)). Third, unlike many other jurisdictions, Kentucky courts consider a default judgment to be a resolution of the case "on the merits." *Lawrence v. Bingham Greenebaum Doll, L.L.P.*, No. 2018-SC-000344-TG, 2019 Ky. LEXIS 357, at *17 (Ky. Aug. 29, 2019) (to be published) (stating that "a resolution on the merits exists via the [state court's] grant of default judgment"); *Columbia Gas Transmission, LLC v. Raven Co.*, No. 12-72-ART, 2014 U.S. Dist. LEXIS 80480, at *25 (E.D. Ky. June 13, 2014) ("Kentucky, unlike many other jurisdictions, accords default judgments preclusive effect."). No party appealed the 2012 Judgment, rendering it a final judgment on the merits that decided all claims that were raised or could have been raised in the 2010 Case relating to the Certificates.

## CONCLUSION

The 2010 Case, the 2012 Judgment, and the conveyance of the Rogers Property to KTBS, fully adjudicated Debtor's liability to KTBS arising from the Certificates. Claim preclusion prevents KTBS from asserting any other claims against Debtor or his property based on those Certificates, and this result does not change because KTBS amended its proof of claim to omit reference to the 2012 Judgment. Accordingly, it is hereby ORDERED that KTBS's Proof of Claim #5 is DISALLOWED.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Thursday, December 5, 2019**
**(tnw)**